[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #102
Before the court is the defendant's motion to strike (#102) the second count of the plaintiff's complaint,[1] on the ground that it fails to allege sufficient facts to support a claim of recklessness. This action arises out of a motor vehicle accident wherein the plaintiff alleges that the defendant, Joe Smith, hit her vehicle while he was operating a van owned by the defendant, Church Hill Enterprises. The defendants filed this motion to strike[2] and accompanying memorandum of law on April 25, 2002. On May 3, 2002, the plaintiff filed her objection.
The defendants' motion to strike is based on their contention that the plaintiff has failed to adequately plead a claim for recklessness under General Statutes § 14-295[3]. "The defendant's motion to strike requires the court to visit well-traveled terrain that has caused a split of authority among Superior Court cases, but has not been addressed by our appellate courts. More specifically, the Superior Court cases are split on the specificity needed to plead a recklessness claim under General Statutes Section 14-295." Lombard v. Booth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 383637 (July 12, 2001, Stevens, J.) (30 Conn.L.Rptr. 78).
"One line of cases, representing the minority view, holds that a CT Page 8911 plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence." (Citations omitted.)Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000, Doherty, J.).[4] "In these cases, the court generally reasons that a plaintiff who is alleging recklessness must use explicit language that informs both the court and the defendant what conduct is relied upon." (Internal quotation marks omitted.)Donaldson v. Transalliance, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 364836 (February 27, 2001, Rush,J.).
"The majority point of view . . . is that a plaintiff, in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiff's injuries." (Internal quotation marks omitted.) Woolums v.Deveny, Superior Court, judicial district of New Haven at New Haven, Docket No. 454434 (November 7, 2001, Robinson, J.).[5] "The majority view is based both on an analysis of the legislative history as well as a review of the statutory language of § 14-295 itself. These cases conclude that as long as the general requirements of the statutes are met, such pleading is enough to survive a motion to strike and to state a cause of action under § 14-295." Ferens v. Brown, Superior Court, judicial district of New Britain at New Britain, Docket No, 509116 (October 11, 2001, Quinn, J.).
This court agrees with the minority view that the "plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence." Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000,Doherty, J.). This court finds that the majority view — to plead only the bare bones of the statute — would lead to anemic pleading. "[Slimply using the word "reckless" with respect to the claimed violation of the statutory provisions set forth in § 14-295 is not enough. . . . A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." (Citations omitted.)McGuire-Kelley v. Sciuto, Superior Court, judicial district of New Haven at New Haven, Docket No. 428860 (October 1, 1999, Devlin, J.).
In this case, the plaintiff merely incorporates the paragraphs in the negligence count, and adds "[t]he [d]efendant deliberately or with reckless disregard operated his vehicle in violation of Sections 14-222
and 14-218a . . . and either one of those violations was a substantial factor in causing the Plaintiff's injuries." The plaintiff does not give the court or the defendant notice of what conduct is relied upon in this CT Page 8912 allegation of recklessness.
Connecticut remains a fact pleading jurisdiction. Thus, the court believes the minority view is the appropriate position. The majority view would judicially take us to a notice pleading posture.
The Motion to Strike is granted.
DANTEL B. BRENNAN, JR., J.